UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEMEKO BRAZILLE HOLLAND,<br><br>                    Petitioner,<br><br>     v.<br><br>JASON BENNETT,<br><br>                    Respondent. | CASE NO. 2:24-cv-00370-LK<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION |

   This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel. Dkt. No. 4. Judge Christel recommends dismissing pro se Petitioner Demeko Brazille Holland's federal habeas petition brought pursuant to 28 U.S.C. § 2254, and denying as moot his motion to proceed *in forma pauperis* ("IFP"). *Id.* at 1. Mr. Holland timely objected to the R&R. Dkt. No. 5. Having reviewed Judge Christel's recommendations, Mr. Holland's objections, and the balance of the record, the Court adopts in part and modifies in part the R&R as set forth below.

## I.   BACKGROUND

   Mr. Holland is currently confined at the Stafford Creek Corrections Center ("SCCC")

following his conviction and 2008 sentencing in King County Superior Court for second degree murder and unlawful possession of a firearm in the first degree. Dkt. No. 1-1 at 1; Dkt. No. 4 at 2. The Washington State Court of Appeals affirmed his conviction and sentence, and the Washington State Supreme Court denied his petition for review. Dkt. No. 1-1 at 2; Dkt. No. 4 at 2, 4. Mr. Holland then filed a personal restraint petition which the state court of appeals denied, and the Washington State Supreme Court again denied review. Dkt. No. 4 at 4. Separately, in 2022, Mr. Holland obtained counsel and filed a motion for post-conviction DNA testing in King County Superior Court, which the court denied. Dkt. No. 1-1 at 3; Dkt. No. 4 at 5. The court of appeals then affirmed the denial. *See State v. Holland*, 26 Wash. App. 2d 1035, 2023 WL 3301039, at *5 (Wash. Ct. App. 2023).

On March 19, 2024, Mr. Holland filed his IFP application and habeas petition in this court pursuant to 28 U.S.C. § 2254, raising an ineffective assistance of counsel and due process violation claim with respect to his state court criminal proceedings. Dkt. No. 1-1 at 5.[1] Specifically, he avers that his appellate counsel failed to send him a copy of "the opinion," thereby preventing him from filing a petition for discretionary review and denying him the ability to pursue his appeal. Dkt. No. 1-1 at 5. He asserts that his petition is "time bar exempt" and requests that the Court reinstate his direct appeal to allow him the opportunity to complete the appeal process. *Id.* at 12, 14. In addition, Mr. Holland notes that in 2014, he filed a habeas petition in this district related to the same state court conviction, which the court denied. *Id.* at 11; *see Holland v. Glebe*, No. C14-00070-JCC-BAT, 2014 WL 5306674, at *6 (W.D. Wash. Oct. 15, 2014), *aff'd*, 637 F. App'x 364 (9th Cir. 2016).

---

[1] The R&R presumed that Mr. Holland is "arguing he received ineffective assistance of counsel with regard to his state-court motion for postconviction DNA testing." Dkt. No. 4 at 6. As will be explained below, Mr. Holland's petition warrants dismissal whether he intended to challenge his appeal related to his motion for DNA testing or his original direct appeal.

ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION - 2

Judge Christel conducted a preliminary review of Mr. Holland's proposed petition pursuant to Rule 4 of the Rules Governing Section 2254 or 2255 Cases in United States District Courts (the "Habeas Rules"), and issued his R&R on April 8, 2024. Dkt. No. 4 at 6. He recommends dismissing the petition with prejudice because the "sole ground for habeas relief identified" by Mr. Holland is the allegation that "his postconviction counsel was ineffective with regard to his motion for postconviction DNA testing," and there is no constitutional right to effective assistance of counsel for collateral proceedings. *Id.* at 6–7. Judge Christel also recommends denying Mr. Holland a certificate of appealability. *Id.* at 7.

Mr. Holland timely objected to the R&R, arguing that he "received ineffective assistance of counsel on Direct Review, not in a collateral attack[.]" Dkt. No. 5 at 2.[2] Thus, he contends that since he "was in fact appointed counsel for Direct Review, [h]e has raised a cognizable claim for [h]abeas relief and the Petition should not be dismissed." *Id.* at 2–3; *see also id.* at 1–2 ("Because Petitioner was appointed counsel on Direct Review, [h]e had a constitutional right to effective assistance of counsel.").

## II.  DISCUSSION

### A.  Legal Standards

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations de novo "*if objection is made*, but

---

[2] Mr. Holland errantly refers to Judge Christel as "Respondent" throughout his objections. *See generally* Dkt. No. 5.

not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**B.     Mr. Holland's Proposed Petition Warrants Dismissal**

Rule 4 of the Habeas Rules states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, the Court concludes that dismissal without prejudice is appropriate for reasons discussed below.

      1.   <u>The Court Lacks Habeas Jurisdiction Over Mr. Holland's Challenge to the Effectiveness of His Counsel in his DNA Testing Proceedings</u>

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To the extent Mr. Holland is raising a claim related to the effectiveness of his counsel during his more recent efforts to obtain DNA testing, the Court agrees with Judge Christel that prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions[.]" *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("The error alleged by petitioner does not provide a basis for granting a writ of habeas corpus.").

Moreover, given that Mr. Holland appears to be requesting "the opportunity to complete [the] appeal process" related to his motion for postconviction DNA testing, Dkt. No. 1-1 at 14, it is not clear to the Court that his claims "fall within the core of habeas" because his success "would not necessarily lead to his immediate or earlier release from confinement," *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (quotation marks and citation omitted); *cf. Skinner v. Switzer*, 562 U.S. 521, 525, 534 (2011); *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161–62 (9th Cir. 1991).

Therefore, the Court adopts the R&R's conclusion that Mr. Holland's petition does not raise any cognizable claims for habeas relief and should be dismissed. Dkt. No. 4 at 7; *see, e.g.*, *Jones v. Montanez*, No. 24-CV-0535-CAB-(MSB), 2024 WL 1470545, at *2 (S.D. Cal. Apr. 4, 2024) (dismissing petition without prejudice where petitioner's claims were "not cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of his confinement"); *Luna v. Gamboa*, No. 21-CV-09669-JST, 2022 WL 17096160, at *6 (N.D. Cal. Nov. 21, 2022) (same).

    2.   <u>The Court Lacks Habeas Jurisdiction Over Challenges Related to Mr. Holland's Direct Appeal of His Conviction</u>

Pursuant to 28 U.S.C. § 2244(b), Rule 9 of the Habeas Rules, and Ninth Circuit Rule 22-3, petitioners may not file a second or successive habeas petition under 28 U.S.C. § 2254 without first obtaining leave from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3); *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam). Notably, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits," meaning, "if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *accord Brown v. Atchley*, 76 F.4th 862, 865–68 (9th Cir. 2023).

To the extent Mr. Holland challenges the direct appeal of his 2008 conviction, the proposed petition constitutes an unauthorized second or successive petition. In his objections, Mr. Holland does not dispute that his petition concerns the same state court conviction he challenged in his 2014 petition, nor does he contend that any of the exceptions outlined in 28 U.S.C. § 2244(b)(2)

apply. Thus, any claims related to "Direct Review" of his conviction could have been adjudicated in the initial petition that the district court denied on the merits. *See Holland*, 2014 WL 5306674, at *6. Because of this, his proposed petition qualifies as a successive petition and he was required to seek authorization from the Ninth Circuit Court of Appeals before proceeding in this Court. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam); 28 U.S.C. § 2244(b)(3). He did not do so, and therefore the Court lacks jurisdiction over his petition if he in fact seeks to challenge his direct appeal. *See Cooper*, 274 F.3d at 1274; 28 U.S.C. § 2244(b)(2).

C.  **Certificate of Appealability**

Judge Christel recommends that the Court deny a certificate of appealability because Mr. Holland has not made the required "substantial showing of the denial of a constitutional right." Dkt. No. 4 at 7 (quoting 28 U.S.C. § 2253(c)(2)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Mr. Holland does not specifically object to this aspect of the R&R, and the Court adopts this recommendation because no reasonable jurist would conclude that the issues presented in this petition should proceed further.

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court OVERRULES Mr. Holland's Objections, Dkt. No. 5, and ADOPTS IN PART AND MODIFIES IN PART the Report and Recommendation, Dkt. No. 4.

(2) Mr. Holland's proposed petition is DISMISSED without prejudice and his motion to proceed in forma pauperis is DENIED as moot.

(3) A certificate of appealability is DENIED.

(4) Mr. Holland's Motion for Status Update, Dkt. No. 6, is GRANTED IN PART, and the Clerk of Court is directed to send an updated copy of the docket sheet to him.

(5) The Clerk is further directed to close this matter and to send uncertified copies of this Order to Judge Christel and Mr. Holland.

Dated this 31st day of May, 2024.

Lauren King
United States District Judge

ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION - 7